The City of Des Moines v. Casady *et al.*

1. **City of Des Moines:** CHARTER. The city of Des Moines has passed from its old charter, and is governed by the general law relating to municipal corporations. Mere irregularities in making the change avail nothing in an action by the city to enforce the payment of an assessment.

2. **New trial:** ERROR WITHOUT PREJUDICE. The judgment below will not be reversed for an error in admitting evidence on the trial below when

the record shows that, subsequently, competent evidence was introduced establishing the same fact.

3. Evidence: PUBLICATION OF ORDINANCE. It is competent to prove by parol the publication of an ordinance. Such evidence is original and not secondary.

4. Municipal corporation: SIDEWALK ASSESSMENTS. A personal judgment cannot be recovered against the grantee of real estate for assessments made for constructing sidewalks in front of the same prior to his acquiring title; neither is it competent in any case to render such judgment against a party who has not been notified of the order directing the construction of such walks.

### Appeal from Polk District Court.

### FRIDAY, DECEMBER 28.

A SUIT to recover of the defendants the cost of constructing certain sidewalks in front of their lots, which they had refused and neglected to do, after due notice, within the time prescribed, agreeably to the provisions of an ordinance of the city passed for that purpose on the 13th day of June, 1864, and duly published, according to law, as is alleged. The defense consists in a denial of the complaint. The trial resulted in a judgment for plaintiff. The defendants, excepting to various rulings during the trial of the cause, appeal.

*Polk & Hubbell* for the appellants.

*Seward Smith* for the appellee.

LOWE, Ch. J.—I. The objection that the city had not passed from under its old charter; and that there was nothing to show that it was now governed by the general law relating to municipal corporations, under which alone it would have authority to proceed in the collection of this tax, does not commend

*1. CITY OF DES MOINES: charter.*

itself to our favor.   The record satisfies us that the change
was made, and mere irregularities in effecting the same
cannot avail themselves in a proceeding of this nature.

II.  If it be conceded there was error in allowing the
plaintiff to prove title in one of the defendants by his
testimony on the stand, the prejudice thereby
resulting was abundantly removed by the
subsequent introduction of the deeds themselves, these
showing beyond controversy the exact condition of the
title.

<span style="float:left">2. NEW TRIAL:<br>error without<br>prejudice.</span>

III.  Another error relied on is, that the court permitted
plaintiff to prove the publication of the ordinance, under
which the proceeding was instituted by parol.
The objection goes to the point that it was
not the best evidence, but that the newspaper itself in
which the publication was made should have been intro-
duced.

<span style="float:left">3. EVIDENCE:<br>publication of<br>ordinance.</span>

We have been unable to see the force of this objection.
The original ordinance itself was produced on trial;
appended to it was the certificate of the city clerk, in
which he declares that the ordinance was passed at a
regular meeting of the city council on the 13th day of
June, 1864, and was published in the Iowa State *Register*
on the 17th day of June, 1864.

In addition to this, Mr. Sibley testified the ordinance
above set out was published in the Iowa State Register, a
newspaper published in the city of Des Moines, at or
about the time named in the certificate of publication
attached to said ordinance.   The last section of the ordi-
dance provides for the same to take effect after its publi-
cation in the Iowa State Register, &c.

Why is this not competent evidence?   Of what is it
secondary?   The inquiry is not as to the contents or pro-
visions of the ordinance, for that was before the court.
Whether it had been published or not was an extrinsic

fact, a matter *in pais*, susceptible of proof by any one cognizant thereof.

It may be said that if the printed copy was produced in court and testified to, that that would make the proof stronger and more satisfactory. Grant it, but the distinction between the best and secondary evidence is of quality, not of strength. The rule does not demand the greatest amount of evidence which can possibly be given of any fact. Greenleaf on Evidence, section 82, says, that where the evidence is not substitutionary in its nature, but only a selection of weaker, instead of stronger, proofs, or an omission to supply all the proofs capable of being produced, the rule is not infringed. Suppose it was required to publish the ordinance six consecutive weeks in some newspaper before it can take effect. Would the rules of evidence require that the newspaper of each week should be produced in court to prove the fact? And, if they were produced, would they, without more, be competent evidence that the requirement had been complied with? Certainly not, for, with change of date, they might all have been published on the same day. Other evidence *aliunde* would necessarily have to be produced. We hold, in short, that the evidence in this case was original, and, *prima facie*, at least, showed the publication of the ordinance. Not only so, if not published, and defendant could show it, the Revision (§ 1133) makes that fact a good defense. This, however, they did not attempt.

IV. The defendants Casady and Tidrick alone appeal, and they make this further question: At the time the order was made for the construction of these sidewalks, Casady did not own the lots along or in front of which they were built, and if Tidrick had any interest in either of them he was not notified. And Casady now claims that, as notice was

4. MUNICIPAL CORPORATION: sidewalk assessments.

given to the former proprietors, and the work done before he acquired any interest in said lots, the court erred in rendering against him a personal judgment. The defendant Tidrick claims that if he had an interest he was not notified, and hence not liable. And both these positions, as we understand the record, are well taken. The lots or parcels of land afterward bought by Casady may be liable for the amount expended by the city. That is to say, the city may have a lien on said real estate, which may be enforced against it; or the city may have a right to a personal judgment, if desired, against the owners at the time the order was made and notice thereof given. But, conceding that defendant might recover from his grantors upon the covenant of his deed, this is no reason for making him liable personally. And, therefore, both because he was not notified to make the improvement, and because he did not at the time own the property, the court erred in rendering the judgment, as in a personal action.

As to the defendant Tidrick, there was no evidence that he was notified to build the sidewalk for the building of which the city now seeks to recover. There was notice to Hoyt, Sherman & Co., of which Tidrick was at one time a member. But this firm did not own the property nor have any interest in it. The title was in Tidrick, and, as the record shows, he held the entire interest. Such notice was most clearly insufficient.

Upon this last ground, the judgment below is reversed.

Something is said in argument about the notice being to *repair*, whereas the city *constructed an entire new walk*, and that for this reason there could be no recovery. It is uncertain from the testimony what was the nature of the work done, and as the point last ruled will probably dispose of the case, we need not consider the effect of such alleged variance. If the question should again arise, the

facts can be more clearly shown, and there will be less hazard in disposing of the same.

Reversed.